UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

WAVERLY COMMONS LLC,

                Plaintiff,

                08 Civ. 10818 (GEL)

-v.-

                **ORDER**

SHOE SNOW, INC.,

                Defendant).

------------------------------------------------------------x

[USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 4/24/09]

GERARD E. LYNCH, District Judge:

      Plaintiff Waverly Commons LLC, which operates a shopping center in Baltimore, Maryland, filed this action in the Supreme Court of the State of New York for New York County, alleging that defendant Shoe Show, Inc. breached a contract to lease a store in plaintiff's mall. Defendant removed this case to this Court on grounds of diversity of citizenship, and now moves to transfer the case to the District of Maryland. The motion will be granted.

      Under 28 U.S.C. § 1404, a court may transfer a case "in the interest of justice" "[f]or the convenience of the parties and witnesses . . . to any other district or division where it might have been brought." To prevail on a motion for transfer, a defendant must demonstrate that the case could properly have been brought in the district to which transfer is sought, and that the balance of conveniences significantly favors a transfer. In re Stillwater Mining Co. Sec. Litig., No. 02 Civ. 2806, 2003 WL 21087953, at *1 (S.D.N.Y. May 12, 2003). In assessing this balance, significant weight must be accorded to the plaintiff's choice of forum; to satisfy its burden, the moving party must show that the balance of conveniences does not merely favor, but decisively favors, transfer. Id. at *2. A court considering these issues considers a number of factors:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative means of the parties; (4) the locus of operative events; (5) the relative ease of access to sources of proof; (6) the weight accorded to plaintiff's choice of forum; (7) the availability of process to compel unwilling witnesses; (8) the forum's familiarity with the governing law; and (9) trial efficacy and the interests of justice based upon the totality of the circumstances.

Schoenefeld v. New York, No. 08 Civ. 3269, 2009 WL 1069159, at *2 (S.D.N.Y. Apr. 16, 2009).

Plaintiff does not dispute that this case could have been brought in Maryland. And so it could: personal jurisdiction over defendant exists there, as defendant's lease of the Baltimore premises transacted business in the state, see Md. Code Ann. Cts. & Jud. Proc. § 6-103, and venue is properly laid there, as the events of this case principally occurred in that district, the site of the leased premises, see 28 U.S.C. § 1391.

Moreover, the balance of convenience decisively favors Maryland. All of the operative facts occurred in Maryland, where the disputed premises are located. Defendant lists a dozen non-party witnesses, all of whom reside in Maryland; plaintiff, in contrast, identifies only two witnesses, who it claims reside in the New York area. Significantly, however, plaintiff does not provide their actual addresses, and there is no evidence in the record that either resides within this district. Plaintiff does not identify any relevant document repository in New York, and even if documents existed in New York, documents are easily transported, while the physical premises that are the subject of the dispute and that could be the source of significant evidence cannot be brought here.

Neither of the parties has anything to do with the Southern District of New York. Plaintiff is a Maryland LLC. Although plaintiff claims in the instant complaint that its principal place of business is in Nassau County, New York (which, of course, is not within the Southern District of New York), records of the Maryland Department of Assessment and Taxation list Baltimore, Maryland, as plaintiff's principal place of business. Defendant is a North Carolina corporation, with its principal place of business in North Carolina. The lease that is the subject of the dispute provides that it is governed by Maryland law, with which the District Court in Maryland is obviously more familiar than this Court.

Given the totality of the circumstances, New York is not merely a less convenient location for this action; it is a totally inappropriate forum for resolving a dispute between a Maryland entity and a North Carolina entity, governed by Maryland law, about a rental property in Baltimore.

Accordingly, the motion to transfer the matter to the District of Maryland is granted.

SO ORDERED.

Dated: New York, New York
April 24, 2009

_____
GERARD E. LYNCH
United States District Judge